## FREEMAN v. MORALES.

(Court of Civil Appeals of Texas. Austin. Oct. 23, 1912. Rehearing Denied Dec. 4, 1912.)

1. DEATH (§ 52*)—DAMAGES—PLEADING—SUFFICIENCY.

An allegation of the petition, in an action for the wrongful death of plaintiff's father, that the deceased would have continued to render pecuniary aid to plaintiff was not objectionable as alleging damages which were remote, argumentative, and speculative.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 69; Dec. Dig. § 52.*]

2. DEATH (§ 52*)—DAMAGES—PLEADING—SUFFICIENCY.

Where the petition, in an action for the wrongful death of plaintiff's father, in addition to alleging that the decedent earned a certain amount per month, of which plaintiff received a large part, also alleged that plaintiff was damaged in a certain total sum by the decedent's death, an objection to the former allegation as too uncertain was properly overruled.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 69; Dec. Dig. § 52.*]

3. DEATH (§ 31*)—RIGHT OF ACTION.

Where plaintiff's father rendered pecuniary assistance to plaintiff's family in aid of plaintiff, and not as a mere gift to some member of the family, and there was a reasonable probability that such aid would have continued, plaintiff may recover damages for the wrongful death of his father, which causes a discontinuance of such aid.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 35–46, 48; Dec. Dig. § 31.*]

4. DEATH (§ 103*)—ACTION FOR DAMAGES—JURY QUESTION.

In an action for the wrongful death of plaintiff's father, which caused a cessation of pecuniary aid rendered to plaintiff's family by his father, the question whether the aid was primarily for plaintiff's assistance, or as a gift to members of his family, was for the jury.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 141; Dec. Dig. § 103.*]

5. APPEAL AND ERROR (§ 750*)—ASSIGNMENTS—VERDICT.

An assignment of error that the verdict, in an action for the wrongful death of plain-

tiff's father, was against the preponderance of the evidence did not present for review the question whether the verdict, if supported by evidence, was excessive.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3074–3083; Dec. Dig. § 750.*]

Appeal from District Court, Comal County; F. J. Maier, Special Judge.

Action by Manuel Morales against Thomas J. Freeman, Receiver. From judgment for plaintiff, defendant appeals. Affirmed.

Fisher & Fisher, of Austin, and Wilson & Dabney, of Houston, for appellant. T. C. Johnson and Will G. Barber, both of San Marcos, for appellee.

KEY, C. J. On the 13th day of July, 1910, Rafael Morales was killed by a car on the International & Great Northern Railroad, operated by T. J. Freeman as receiver, and Manuel Morales, his son, and only person entitled to sue, brought this action against Freeman for damages, and obtained a verdict and judgment for $1,000, to reverse which Freeman prosecutes this appeal.

The first, ninth, and tenth assignments of error complain because the trial court overruled certain special exceptions to the plaintiff's petition.

[1] One of the exceptions objected to so much of the petition as sought to allege that the deceased, Rafael Morales, would have continued to render pecuniary aid to the plaintiff, and that the aid and assistance alleged was remote, argumentative, and speculative. Tested by the rule announced and applied in S. A. & A. P. Ry. Co. v. Long, 87 Tex. 152, 27 S. W. 113, 24 L. R. A. 637, 47 Am. St. Rep. 87, we hold that the petition is not obnoxious to the objection urged.

[2] One of the exceptions was addressed to so much of the petition as sought to allege that Rafael Morales earned not less than $40 per month, of which plaintiff received the benefit of a large amount; the objection being that the allegation referred to was too vague and uncertain. If that was the only allegation in the petition tending to show liability, the objection urged might be tenable; but there were other allegations, one of which was that as a result of the death of Rafael Morales the plaintiff was damaged in the sum of $15,000. We hold that no error was committed in overruling the objection referred to.

[3] Another exception complained of a certain paragraph of the petition, which reads as follows: "That this plaintiff, at the date of such death, was a married man with a wife and two small children; that said Rafael Morales made his home with plaintiff's family, and devoted his earnings largely to the support and maintenance of plaintiff and his said family." The action of the court in overruling that exception and in admitting certain testimony hereinafter referred to is made the subject of the first and second as-

signments of error, which are submitted together, and under which assignments appellant submits but two propositions, which are, in effect, first, that the statute authorizing the recovery of damages for injuries resulting in death limit such right to the surviving husband, wife, children, and parents of the person killed, and that such right cannot be extended to any persons other than those specified in the statute; and, second, that where the person suing is not receiving actual pecuniary aid from the deceased, or has no reasonable expectation of receiving such aid, such person has no right of action. The correctness of these propositions may be conceded; but it does not follow from such concession that the plaintiff's petition failed to state a cause of action, or that the court committed reversible error in not striking out the particular allegation referred to and quoted above. It will be noted that the paragraph of the petition excepted' to alleged that the deceased devoted his earnings largely to the support and maintenance of *the plaintiff* and his family, and not exclusively to the support of his family, as the defendant's exception seems to imply. If appellant had any right to have any part of the pleading referred to stricken out, it was only the last four words "and his said family." But we do not hold that appellant had such right, and agree with counsel for appellee that pecuniary aid may be rendered to one who has a family dependent upon him, and for whose support and maintenance he is legally bound, by furnishing part or all of such support, and thereby relieving him from so doing. The true test is whether or not the intention of the donor was to furnish pecuniary aid to the relative suing, or to make a gift to some member of his family. If such aid was rendered with the former intention, and there was reasonable probability that it would have continued in the future, the person suing can maintain the action; but if such aid was furnished and intended as a gift, not to the plaintiff, but to some member of his family, then the action cannot be maintained. Hence we hold that no error was committed in overruling the exception to the plaintiff's petition as set out above, and this ruling virtually disposes of the objection interposed to the testimony hereafter referred to.

[4] Over appellant's objection, the plaintiff's counsel was permitted to ask him if his father rendered him any assistance in the support of his family, and he answered: "What he [deceased] had over, he would always give to me." And replying to another question propounded by his counsel, he said: "He gave it to me to buy clothing for the children." And responding to a question asking about how much his father contributed on a weekly average to the family support, he answered, "He would give me $4 and keep $2 when he made $6 a week." For the rea-

sons already stated, we hold that this testimony was admissible, and that it was the province of the jury to determine whether the deceased intended the donations referred to primarily as aid and assistance to the plaintiff, or as gifts to members of his family.

[5] Several objections were urged against the court's charge, and rulings refusing requested instructions. The objections referred to are not regarded as tenable, and the points presented are not of such importance as to require specific discussion in this opinion. Only two objections are urged against the verdict, and one is presented under an assignment complaining of the action of the court in refusing to instruct a verdict for defendant, and the other charges that the verdict of the jury is excessive, outrageous, and unconscionable, "because the evidence indisputably disclosed that the plaintiff was an adult, nearly 40 years of age, to whom deceased owed no legal duty of maintenance or support; and there was no evidence that during the life of deceased he had actually contributed pecuniary aid to the plaintiff— the preponderant weight of evidence, if not the undisputed and uncontroverted evidence, disclosing that whatever pecuniary aid was contributed by deceased was not to plaintiff, but to his grandchildren." That assignment is submitted as a proposition, and it is not followed up by any other proposition. We overrule the assignment, because it is not supported by the record, which shows that there was evidence tending to prove that the deceased had contributed some pecuniary aid to the plaintiff.

Whether or not the verdict is excessive, because it allowed the plaintiff more than the deceased would probably have contributed as pecuniary aid to the plaintiff, if he had not been killed, is a question that is not presented for decision, and upon which we express no opinion. We merely hold that, in so far as it is complained of in this court, the verdict of the jury is supported by testimony.

No reversible error has been pointed out, and the judgment is affirmed.

Affirmed.